M. Anderson Berry (SBN 262879)
*aberry@justice4you.com*
Gregory Haroutunian (SBN 330263)
*gharoutunian@justice4you.com*
Brandon P. Jack (SBN 325584)
*bjack@justice4you.com*
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Fax: (916) 924-1829

J. Gerard Stranch, IV (TN BPR 23045)*
*gstranch@stranchlaw.com*
Robert Bruce Grayson Kent Wells (TN BPR 039658)*
*gwells@stranchlaw.com*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801

*Pro Hac Vice

*Attorneys for Plaintiff*
*SHEA HOOVER individually and*
*on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEA HOOVER, individually and on behalf of all others similarly situated, | CASE NO. 2:24-cv-10794-WLH-PVC |
| Plaintiffs, | **UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND INTEGRATED MEMORANDUM OF LAW IN SUPPORT** |
| vs. | |
| ASM GLOBAL PARENT, INC, | |
| Defendants. | |

///

///

///

///

Shea Hoover ("Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through the undersigned Proposed Settlement Class Counsel, respectfully requests that the Court grant preliminary approval of the proposed Class Action Settlement Agreement, attached as Exhibit 1, resolving the claims against Defendant ASM Global Parent, Inc. ("ASM" or "Defendant," and, together with Plaintiff, the "Parties" or the "Settling Parties"),  in the above-captioned data privacy class action.  The proposed Settlement provides Class Members an excellent result, including substantial relief comparable to or better than other settlements approved in similar data breach cases.

Specifically, Plaintiff requests an order (1) conditionally certifying the proposed Class for the purpose of Settlement; (2) conditionally appointing Plaintiff as Class Representative; (3) appointing M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation, J. Gerard Stranch, IV, and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Settlement Class Counsel; (4) approving the form and substance of the notice program; (5) preliminarily approving the Settlement as within range of possible final approval; and (6) appointing the settlement administrator, Simpluris, and ordering it to conduct the notice program.

Respectfully submitted,

CLAYEO C. ARNOLD, APC

Dated:  July 2, 2025        By: _____

M. Anderson Berry
Attorneys for Plaintiff _SHEA HOOVER,
individually and on behalf of all others similarly
situated

STRANCH, JENNINGS & GARVEY, PLLC
J. Gerard Stranch, IV (TN BPR 23045)*
*gstranch@stranchlaw.com*
Robert Bruce Grayson Kent Wells *
*gwells@stranchlaw.com*
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1

# **TABLE OF CONTENTS**

2

**PAGE**

3    I.    Introduction.................................................................................................1

4    II.    Background..................................................................................................2

5         A.    The Litigation ..................................................................................2

         B.    Settlement Negotiations ...................................................................3

6    III.    The Proposed Settlement .............................................................................4

7         A.    Proposed Settlement Class ...............................................................4

8         B.    Release of Claims .............................................................................4

9         C.    Settlement Benefits to Class Members ............................................4

10        D.    The Settlement Provides a Comprehensive Notice Program to the
               Settlement Class ...............................................................................6

11        E.    Claims Process .................................................................................7

12        F.    Requests for Exclusion, and Objections ..........................................8

         G.    Fees, Expenses, and Service Awards ...............................................8

13   IV.    Argument .....................................................................................................9

14        A.    Legal Standard.................................................................................. 9

15        B.    The Settlement is "Fair, Reasonable, and Adequate" and Satisfies
               the Requirements of Rule 23(e)(2).................................................11

16             1.    Plaintiff and Proposed Class Counsel Have Adequately
                     Represented the Class ...........................................................11

17
               2.    The Settlement Was Negotiated at Arms' Length and There
18                    Was No Collusion ..................................................................12

19             3.    The Benefits Provided to the Class are Adequate ....................14

20        C.    The Proposed Settlement Also Satisfies Other Factors Considered by
               the Ninth Circuit...............................................................................17

21             1.    The Risk of Maintaining Class Action Status Throughout the
                     Trial........................................................................................18
22
               2.    The Amount Offered in Settlement .........................................18
23
               3.    The Extent of Discovery Completed and the Stage of the
24                    Proceedings ............................................................................18

25

|  |  | 4. | The Experience and Views of Counsel | 19 |
|  |  | 5. | Reaction of Absent Class Members | 19 |
|  | D. | Certification of the Settlement Class is Appropriate | 20 |
|  |  | 1. | The Class is Sufficiently Numerous | 20 |
|  |  | 2. | Commonality | 20 |
|  |  | 3. | Typicality | 21 |
|  |  | 4. | Adequacy | 21 |
|  |  | 5. | The Rule 23(b) Certification Requirements Are Satisfied | 22 |
|  | E. | The Court Should Approve the Proposed Notice Plan | 24 |
|  | F. | The Court Should Provisionally Appoint Settlement Class Counsel | 26 |
| V. | Conclusion |  | 27 |

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1

## TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                              <u>**PAGE**</u>

*Aarons v. BMW of N. Am., LLC*
   2014 WL 4090564(C.D. Cal. Apr. 29, 2014)......................................................13

*Adkins v. Facebook, Inc.*,
   2020 WL 6710086 (N.D. Cal. Nov. 15, 2020)……………………………...14

*Amchem Prods., Inc. v. Windsor*
   521 U.S. 591, (1997)…………………………………………………… 20, 22

*Charlebois v. Angels Baseball, LP*
   2011 WL 2610122 (C.D. Cal. June 30, 2011)…………………………........ 20

*Churchill Vill., LLC v. Gen. Elec.*
   361 F.3d 566, 575 (9th Cir. 2004)………………………………………….25

*Cotter v. Lyft, Inc.*
   176 F. Supp. 3d 930 (N.D. Cal. 2016)…………………………………........ 10

*Ehrheart v. Verizon Wireless*
   609 F.3d 590 (3d Cir. 2010)…………………………………………... 10

*Ellis v. Costco Wholesale Corp.*
   657 F.3d 970 (9th Cir. 2011)…………………………………………… 21

*Glass v. UBS Fin. Servs., Inc.*,
   No. CV 06-4068 MMC, 2007 WL 221862, (N.D. Cal. Jan. 26, 2007)………...13

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998)……………………………………………11

*Hanon v. Dataproducts Corp.*
   976 F.2d 497 (9th Cir. 1992)…………………………………………….21

*Hashemi v. Bosley, Inc.*
   2022 WL 2155117 (C.D. Cal. Feb. 22, 2022)……………………………........9

*Hellyer et al. v. Smile Brands, Inc. et al.*,
   No. 8:21-cv-01886-DOC-ADS (C.D. Cal.)……………………………........ 18

*In re Am. Apparel, Inc. S'holder Litig.*
   2014 WL 10212865 (C.D. Cal. July 28, 2014)……………………………….9

*In re Anthem Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018)…………………………………........15

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

**CASES**                                                                                                    **PAGE**

*In re Apple Inc. Device Performance Litig.*
    50 F.4th 769(9th Cir. 2022)……………………………………………………..9

*In re California Pizza Kitchen Data Breach Litig.*
    129 F.4th 667 (9th Cir. 2025)……………………………………….…13

*In re Corrugated Container Antitrust Litig.*
    643 F.2d 195 (5th Cir. 1981)……………………………………………….9

*In re Google Plus Profile Litig.*
    2021 WL 242887 (N.D. Cal. Jan. 25, 2021)…………………………………14

*In re Mego Fin. Corp. Sec. Litig.*
    213 F.3d 454 (9th Cir. 2000)……………………………………………...22

*In re Orrick Herrington & Sutcliffe LLP Data Breach Litig.*
    No. 3:23-cv-04089-S (N.D. Cal.)………………………………………18

*In re Post Meds, Inc.*
    No. 4:23-cv-05710-HSD (N.D. Cal.)……………………………………18

*In re Restasis Antitrust Litig.*
    527 F. Supp. 3d 269 (E.D.N.Y. 2021)……………………………………25

*In re Sonic Corp. Customer Data Sec. Breach Litig.*
    2019 WL 3773737 (N.D. Ohio Aug. 12, 2019)……………………………14

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*
    2020 WL 4212811 (N.D. Cal. July 22, 2020)………………………………24

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*
    No. 20-16633, 2022 WL 2304236 (9th Cir. June 27, 2022)………………..24

*Kearney v. Hyundai Motor Am.*
    2012 WL 13049699 (C.D. Cal. Dec. 17, 2012)……………………………..19

*Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*
    244 F.3d 1152 (9th Cir. 2001)……………………………………………24

*Ma v. Covidien Holding, Inc.*
    2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ………………………………10

-vi-

**CASES**                                                                    **PAGE**

*Mullins v. Data Mgmt. Co.*
    2021 WL 2820560 (S.D. Ohio June 21, 2021)……………………………..10

*Officers for Just. v. Civ. Serv. Comm'n*
    688 F.2d 615 (9th Cir. 1982)…………………………………………..11

*Rodriguez v. W. Publ'g Corp.*
    563 F.3d 948 (9th Cir. 2009)…………………………………………..13

*Stollenwerk v. TriWest Healthcare All.*
    No. 2:2003-cv-00185 (D. Ariz. June 10, 2008)……………………......15

*True v. Am. Honda Motor Co.,*
749 F. Supp. 2d 1052 (C.D. Cal. 2010)…………………………………………9

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir. 2002)……………………………………………16

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011)……………………………………………………..20

**OTHER AUTHORITIES**                                                        **PAGE**

7AA Charles Alan Wright et al., Federal Practice and Procedure § 1779
    (3d ed. 2018)………………………………………………………….24

Manual for Complex Litigation (Fourth) § 13.14 (2004)………………………....9

**RULES**                                                                    **PAGE**

Fed. R. Civ. P. 23(a)(1)…………………………………………………………..20

Fed. R. Civ. P. 23(a)(2)…………………………………………………………..20

Fed. R. Civ. P. 23(a)(3)…………………………………………………………..21

Fed. R. Civ. P. 23(a)(4)…………………………………………………………..21

Fed. R. Civ. P. 23(b)(3)………………………………………………………..Passim

Fed. R. Civ. P. 23(c)(2)(B)………………………………………………………..25

Fed. R. Civ. P. 23(e)(2)……………………………………………………………9

Fed. R. Civ. P. 23(e)(2)(C)………………………………………………………..14

Fed. R. Civ. P. 23(e)(2)…………………………………………………………..10

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

| RULES | PAGE |
|---|---|

Fed. R. Civ. P. 23(e)(3)………………………………………………………..16

Fed. R. Civ. P. 23(e)………………………………………………………....9

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   Introduction

If approved, this Settlement will provide significant benefits to a Class of individuals harmed by the Data Security Incident.  Under the proposed Settlement, Defendant will fund a common-fund of $350,000.00 ("Settlement Fund") for payment of: (1) Class Members' claims for Out-of-Pocket Expenses up to $10,000.00 for proven monetary losses; (2) *pro rata* payments to Settlement Class Members who submit a claim for Out-of-Pocket Expenses or who separately submit a claim solely for this benefit; (3) the costs of settlement administration and notice; (4) a service award to the Representative Plaintiff of $3,000.00; (5) Attorneys' fees, not to exceed twenty-five percent (25%) of the Settlement; and (6) litigation expenses not to exceed $10,000.00. Settlement Agreement ("SA") ¶¶1.29, 2.2, 2.5, 7.2-7.3; Declaration of J. Gerard Stranch, IV ("Stranch Decl.") ¶8. In addition, ASM has implemented certain administrative and technical cybersecurity measures, which it will detail in a declaration which may be submitted for review by the Court *in camera,* if the Court so orders. *Id*. ¶2.6. Thus, the Settlement provides the Class with both compensation for damages, and prospective protection through the security measures.

The Settlement was the culmination of well-informed, arm's-length negotiations among experienced counsel, over the last six months. Given the risks and uncertainties of further litigation, and the circumstances, nature, and details of the underlying Data Security Incident, the Settlement represents an outstanding result for the Settlement Class that is fair, reasonable, and adequate. Accordingly, Plaintiff requests that the Court enter an order preliminarily approving the

Settlement, conditionally certifying the Settlement Class, directing Notice to the Settlement Class, and scheduling a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2). ASM has reviewed this motion and does not oppose the relief sought.

**II.   Background**

    **A.  The Litigation**

    This class action arises from the Data Security Incident, in which Plaintiff's and Settlement Class Members' personal information was unauthorizedly accessed by cybercriminals, including their names, dates of birth, Social Security numbers, driver's license or state identification numbers, passport numbers, and/or credit or debit card numbers, along with associated CVV codes and expiration dates, as well as medical diagnosis and treatment information (collectively, "PI") in a limited number of circumstances. Complaint (ECF 1) ¶¶2-3. Plaintiff and the Class entrusted their PI to ASM as a condition of employment. *Id*. ¶¶15, 62, 85, 105, 117. On or about October 12, 2023, ASM detected unauthorized activity impacting servers supporting an application known as Solomon, which Defendant used to support its management of venue operations. SA, pg. 1. The activity was a cyberattack perpetrated by third-party criminals who gained unauthorized access to ASM's network and, through that, Plaintiff and the Class's PI. SA ¶1.11. Plaintiff alleges that in the Data Security Incident, cybercriminals accessed and obtained sensitive and confidential PI belonging to Plaintiff and Class Members. SA, pg. 1. Following the discovery of the Data Security Incident, ASM identified approximately 4,634 individuals, including 550 California Residents (as defined below), whose Private Information was impacted and thereafter commenced a process to notify individuals

and offered them two years of complimentary credit monitoring. Notices were mailed on or around November 12, 2024. *Id,* pg. 2.

On December 13, 2024, Plaintiff, filed this action on behalf of herself, and all individuals whose PI was compromised in the Data Security Incident and to whom Defendant sent an individual notification that they were affected. *See* Complaint ¶72. Plaintiff brings causes of action for negligence and negligence *per se* (*id*. ¶¶84-103), breach of implied contract (*id*. ¶¶104-115); and breach of bailment. *Id*. ¶¶116-120. ASM denies the allegations and all liability. SA, pg. 3.

### B.  Settlement Negotiations

Over the course of the last six (6) months, the Parties engaged in extensive, arm-length settlement negotiations, reaching an agreement in principle, and culminating in the Settlement Agreement executed on June 26, 2025. Stranch Decl. ¶4. Prior to beginning settlement negotiations, the Parties exchanged key information, including as to the size of the class, the types of PI accessed in the Data Security Incident, and ASM's investigation into and response to the breach. *Id*. ¶5. Throughout the negotiations, Settlement Class Counsel and counsel for Defendant fought vigorously for the interests of their respective clients. *Id*. ¶6 The Parties then negotiated the details of the written Settlement Agreement over six months. *Id*. ¶4.

Proposed Class Counsel have concluded, based on the contested issues involved, the risks, uncertainty, and expense of continued litigation, and the benefits to be provided to the Settlement Class under the terms of the SA, that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class. *Id*. ¶10.

///

///

**III.**    <u>**The Proposed Settlement**</u>

    **A.  Proposed Settlement Class**

    The proposed class contains all United States Residents whose PI was compromised in the Data Security Incident detected by ASM on or about October 12, 2023. The Settlement Class specifically excludes: (i) ASM, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge. SA ¶1.30. There are approximately 4,634 Settlement Class Members. *Id*. ¶1.31.

    **B.  Release of Claims**

    In exchange for the Settlement Benefits, Plaintiff and the Class Members will release any and all claims asserted in the Complaint, or which could have been asserted, against Defendant and the Released Persons based on, relating to, concerning or arising out of the Data Security Incident, except for the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement Agreement, and except for those individuals who have timely excluded themselves from the Settlement Class. SA ¶¶1.25, 6.1.

    **C.  Settlement Benefits to Class Members**

    The proposed Settlement provides significant relief to the Class. Under the Settlement, any member of the Class who has suffered a monetary loss due to the Data Security Incident is eligible to receive up to $10,000.00 for Out-of-Pocket

- 4 -

Expense reimbursement. *Id*. ¶2.2. The proposed Settlement also provides for *pro rata* payments to all Settlement Class Members who submit claims for such. *Id*. ¶¶2.5, 1.30. The *pro rata* payments will be made as follows: each Settlement Class Member who selects this benefit will receive one (1) share of the Settlement Remainder, and each Settlement Class Member that is a California Resident will receive two (2) total shares of the Settlement Remainder, in recognition of their statutory claims. Settlement Class Members who submit a claim of Out-Of-Pocket Expenses will automatically be deemed to have submitted a claim for one (1) share of the Settlement Remainder, unless they indicate on the Claim Form that they are a California resident and are seeking two (2) shares. *Id*. California Residents must provide proof of California residency. *Id*.

Settlement Class Members may access these benefits merely by submitting a timely, Valid Claim form to the Claims Administrator, Simpluris, Inc. Class Members will have ninety (90) days following the Notice Commencement Date to submit the Claim form, via U.S. Mail or online via the Settlement Website. *Id*. 2.3. The Notice Commencement Date is thirty (30) days after the entry of the Preliminary Approval Order. *Id*. ¶1.18.

Moreover, under the Settlement, Defendant has implemented certain administrative and technical cybersecurity measures. While the Parties have agreed to keep these measures confidential, ASM has agreed to provide a declaration as to these measures, which it will provide to the Court for *in camera* review, should the Court request it. *Id*. ¶2.6.

The above benefits of the Settlement provide significant relief to the Settlement Class. Proposed Class Counsel are of the opinion that the Settlement is

1    an excellent result for the Class.

2    **D.  The Settlement Provides a Comprehensive Notice Program to the**
3    **Settlement Class**

4            The Settlement provides a robust Notice program, designed to be the most
5    practicable under the circumstances. Stranch Decl. ¶18. This includes the mailing of
6    the Short Notice (**SA Exh. A**) to Settlement Class Members by U.S. Mail, the
7    creation of a Settlement Website, and a toll-free telephone number. SA ¶1.34. The
8    Notices set forth a fair summary of the parties' respective litigation positions, the
9    terms of the settlement, instructions for how to object to or opt-out of the settlement,
10   instructions for making claims, and the date, time and place of the Final Fairness
11   Hearing. *Id*. ¶3.1

12           The Parties have selected Simpluris, Inc. ("Simpluris") as the Claims
13   Administrator. *Id.* ¶1.6; Stranch Decl. ¶21. Simpluris will administer the Notice Plan
14   under the terms in the Settlement Agreement. Within fourteen (14) days after entry
15   of the Preliminary Approval Order, ASM shall provide Simpluris with the name and
16   last known physical address of each Settlement Class Member. SA ¶3.2(a).
17   Simpluris shall establish the Settlement Website which will inform Settlement Class
18   Members of the terms of the Settlement, their rights, dates, deadlines, and related
19   information. The Settlement Website shall include: (i) the Long Notice; (ii) the
20   Preliminary Approval Order; (iii) this Settlement Agreement; (iv) the operative
21   Class Action Complaint filed in the Litigation; and (v) any other materials agreed on
22   by the Parties and/or required by the Court. The Settlement Website will also provide
23   Class Members with the ability to complete and submit the Claim Form
24   electronically. *Id*. ¶3.2(b). On or before the Notice Commencement Date, Simpluris

25

1 will post the Short Notice, Claim Form, and Long Notice on the Settlement Website.

2 *Id*. ¶3.2(d).

3       Within thirty (30) days of the Court granting Preliminary Approval, Simpluris

4 will send the Short Notice by mail to Settlement Class members. *Id*. ¶3.2(c). Before

5 doing so, Simpluris will run the mailing addresses through the United States Postal

6 Service ("USPS") National Change of Address database to update any change of

7 address on file with the USPS. *Id*. For any Short Notices that are returned as

8 undeliverable with a forwarding address, Simpluris will resend the Short Notice

9 within seven (7) days. *Id*. For any Short Notice that is returned by the USPS without

10 a forwarding address, Simpluris shall perform a skip trace to obtain a new address,

11 and, if found, will resend the notice within seven (7) days. *Id*.

12       Lastly, under the Settlement, Simpluris will establish a toll-free help line

13 staffed with live agents to provide Settlement Class Members with additional

14 information about the settlement. *Id*. ¶3.2(e).

15 **E.  Claims Process**

16       The claims process ensures Settlement Class Members are able to review the

17 terms of the Settlement, make claims, and decide whether to participate, opt-out,

18 object, or do nothing. Settlement Class Members will have ninety (90) days

19 following the Notice Commencement Date to submit the Claim Form, via U.S. Mail

20 or online via the Settlement Website. *Id.* ¶2.3. Simpluris will be responsible for

21 reviewing the Claim Forms and determining their validity. *Id.* ¶2.4.1. Simpluris may

22 request additional information and documentation to evaluate the claim. *Id*.

23 Simpluris will submit any implausible Claims to the Settling Parties, and disputes

24 may be submitted to a Claim Referee. *Id*.

25

**F.   Requests for Exclusion, and Objections**

Should any potential Settlement Class Member wish to be excluded from the Settlement, their opt-out request must be postmarked and sent to Simpluris at the address set forth in the Notice no later than the Opt-Out date. *Id.* ¶4.1. The opt-out request shall be signed by the Class Member and must clearly manifest their intent to exclude themselves from the Settlement. *Id.*

Any potential Settlement Class Member seeking to object to the Settlement must submit written notice of the objection to the Court by the Objection Date. *Id.* ¶¶5.1. To be valid, the objection must follow the procedures described in Section 5.1 of the Settlement Agreement, including (a) clearly identify the objector, case name and number, (b) be submitted to the Court, and (c) be postmarked or filed by the Objection Date. *Id.*

**G.   Fees, Expenses, and Service Awards**

Proposed Class Counsel will file a separate motion for Attorneys' Fees for an award of fees of up to twenty-five percent (25%) of the Settlement Fund, or $87,500.00, as well as for reimbursement of costs and expenses up to $10,000.00. *See Id*. ¶7.2. Proposed Class Counsel will move the Court for approval of a $3,000.00 Service Award for Plaintiff. SA ¶7.3; Stranch Decl. ¶12. The Parties did not discuss the payment of attorneys' fees, costs, expenses, or service awards until after the substantive terms of the Settlement were reached. *Id*. ¶7.1; Stranch Decl. ¶11-12.

Finally, Proposed Class Counsel request that Plaintiff be appointed as Class Representative.

///

1  **IV.**  **Argument**

2     **A.  Legal Standard**

3         Federal Rule of Civil Procedure 23(e) provides that a class action may not be

4  settled without the approval of the court, and a finding that the proposed settlement

5  is fundamentally fair, reasonable, and adequate. *See also In re Apple Inc. Device*

6  *Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022) (quoting Fed. R. Civ. P.

7  23(e)(2)). "The approval of a class action settlement is a two-step process under Rule

8  23(e) in which the Court first determines whether a proposed class action settlement

9  deserves preliminary approval and then, after notice is given to class members,

10  whether final approval is warranted." *Hashemi v. Bosley, Inc.*, 2022 WL 2155117,

11  at *5 (C.D. Cal. Feb. 22, 2022) (citing *In re Am. Apparel, Inc. S'holder Litig.*, 2014

12  WL 10212865, at *5 (C.D. Cal. July 28, 2014)).

13         "At the preliminary approval stage, a court determines whether a proposed

14  settlement is 'within the range of possible approval' and whether or not notice should

15  be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052,

16  1063 (C.D. Cal. 2010) (quoting *In re Corrugated Container Antitrust Litig.*, 643

17  F.2d 195, 205 (5th Cir. 1981)). A grant of preliminary approval "amounts to a

18  finding that the terms of the proposed settlement warrant consideration by members

19  of the class and a full examination at a final approval hearing." *Hashemi*, 2022 WL

20  2155117, at *5; Manual for Complex Litigation (Fourth) § 13.14 (2004). The Court

21  should grant preliminary approval "if 'the proposed settlement appears to be the

22  product of serious, informed, non-collusive negotiations, has no obvious

23  deficiencies, does not improperly grant preferential treatment to class representatives

24  or segments of the class, and falls within the range of possible approval.'" *Hashemi*,

25                                        - 9 -

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

2022 WL 2155117, at \*5 (C.D. Cal. Feb. 22, 2022) (quoting *Ma v. Covidien Holding, Inc.*, 2014 WL 360196, at \*4 (C.D. Cal. Jan. 31, 2014)). The most important factor in determining whether the proposed settlement falls within the range of possible approval is "plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (citation omitted).

At preliminary approval, courts recognize a strong presumption in favor of voluntary settlement agreements that is "'especially strong' . . . 'in class actions . . . where substantial judicial resources can be conserved by avoiding formal litigation.'" *Mullins v. Data Mgmt. Co.*, 2021 WL 2820560, at \*4 (S.D. Ohio June 21, 2021) (quoting *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010)).

Rule 23(e)(2)'s factors for the Court to consider in determining whether a settlement is "fair, reasonable, and adequate," are:  (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Additionally, courts in this District have looked to the "balance [of] many factors," *to wit:*

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

the strength of the plaintiffs' case; the risk, expense complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hashemi*, 2022 WL 2155117, at *5 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (overruled on other grounds)); *see also Officers for Just. v. Civ. Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

## B. The Settlement is "Fair, Reasonable, and Adequate" and Satisfies the Requirements of Rule 23(e)(2)

Under Rule 23(e)(2), and the heightened scrutiny appropriate in evaluating a settlement prior to class certification, the proposed Settlement warrants preliminary approval here.

### 1. Plaintiff and Proposed Class Counsel Have Adequately Represented the Class

Pursuant to Rule 23(e)(2)(A), the Court first considers whether the class representatives and class counsel adequately represented the class. Here, Plaintiff has represented the Class admirably. Plaintiff has been dedicated and active participant on behalf of the Class. Stranch Decl. ¶15. She came forward prior to filing the Complaint and has been involved since that time. Plaintiff has maintained

contact with counsel, assisted in the investigation of the case, reviewed the Complaint, remained available throughout the settlement negotiations, reviewed the Settlement Agreement, and answered counsel's questions. Plaintiff does not have any conflicts with the proposed class and has adequately represented Settlement Class Members in the litigation. *Id.*

Next, Proposed Class Counsel are experienced and respected class action litigators with significant experience in data breach cases. *Id.* ¶17, Exhibits A, B (Firm Bios). Prior to settlement negotiations, the Parties engaged in substantial informal discovery, exchanging documents and information related to the composition of the Class and Defendant's investigation of the Data Security Incident. *Id.* ¶5. Before any Settlement terms were negotiated, Proposed Class Counsel communicated with Plaintiff, analyzed the documents and information produced by Defendant, and developed a thorough understanding of the claims and defenses in this matter, as well as all applicable laws. *Id.* Then, Proposed Class Counsel, engaged in vigorous negotiations over five (5) months to obtain the proposed Settlement, providing substantial relief to the Settlement Class. *Id.* ¶6. Once the principal terms of the Settlement were reached, Proposed Class Counsel drafted and negotiated the details of the proposed Settlement Agreement, with counsel for ASM. *Id.* ¶7. As Plaintiff and Proposed Class Counsel have adequately represented the Settlement Class, this factor weighs in favor of preliminary approval.

## 2.    The Settlement Was Negotiated at Arms' Length and There Was No Collusion

Generally, settlements achieved through arm's length negotiations evidence that the settlement is fair. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th

Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution") (citation omitted). *See also Aarons v. BMW of N. Am., LLC*, 2014 WL 4090564, at *10 (C.D. Cal. Apr. 29, 2014).

Here, the proposed Settlement is the product of hard-fought, arm's-length negotiations between experienced attorneys over a series of months. Stranch Decl. ¶4. Moreover, the Parties engaged in extensive informal discovery, as discussed *supra*. ASM also has provided substantial confirmatory discovery. SA ¶2.7. Thus, the parties had "sufficient information to assess the merits of their claims and, therefore, reach a well-informed settlement" and evidences the honest, non-collusive negotiations. *Hashemi*, 2022 WL 2155117, at *6 (citing *Glass v. UBS Fin. Servs., Inc.,* No. CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007)). There are no signs of collusion, indeed, there is not only no reversionary clause, but instead the Settlement is designed to fully exhaust the fund through the *pro rata* remainder payment. SA ¶¶1.33, 2.5. There is likewise no disproportionately large attorneys' fee request, as the Settlement provides for Class Counsel to seek only up to the Ninth Circuit's "benchmark" 25% attorneys' fee. While Defendant has agreed not to contest Proposed Class Counsel's motion for attorneys' fees, this is not a clear sailing agreement, but rather attorneys' fees based on a percentage of the common fund. Thus, there are no "subtle signs of collusion." *See In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674–75 (9th Cir. 2025). The Settlement was achieved through honest, arm's length, non-collusive negotiations, and is fair, reasonable, and adequate. This factor weighs heavily in favor of preliminary approval of the Settlement.

///

- 13 -

### 3. The Benefits Provided to the Class are Adequate

The proposed Settlement is a fair and reasonable result that delivers tangible and immediate benefits to all Settlement Class Members. In determining whether the benefits provided are adequate, courts consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)[.]" Fed. R. Civ. P. 23(e)(2)(C). Each of these considerations weighs in favor of preliminary approval here.

#### a. *Costs, risks, and delay of trial and appeal*

The strength of the proposed Settlement is evident when compared with recoveries obtained for classes of consumer plaintiffs in other data breach settlements.[1] The strength of the Settlement is particularly the case when compared to the risks incumbent in further litigation. Success on the merits is by no means guaranteed. Absent the settlement, ASM would likely move to dismiss Plaintiff's claims. Assuming Plaintiff's claims survive such a motion, there would be substantial discovery, motions for class certification and summary judgment, as well as trial. Class certification, particularly in data breach cases, such as this one, are especially risky, expensive, and complex. *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, 2019 WL 3773737, at \*7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel

---

[1] *See, e.g.*, *In re Google Plus Profile Litig.*, 2021 WL 242887, at \*1 (N.D. Cal. Jan. 25, 2021) (approving \$7.5 million settlement for 161 million consumers whose personal information was compromised); *Adkins v. Facebook, Inc.*, 2020 WL 6710086, at \*2–3 (N.D. Cal. Nov. 15, 2020) (preliminarily approving data breach settlement providing only injunctive relief).

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

questions for courts. And of course, juries are always unpredictable."). Data breach law is continuously developing and courts around the country are still grappling with what legal principles apply to the claims. *In re Anthem Inc. Data Breach Litig.*, 327 F.R.D. 299, 315 (N.D. Cal. 2018) (noting that "many of the legal issues presented in [] data-breach case[s] are novel."). The risks of litigation: "are compounded by the fact that data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury." *Hashemi*, 2022 WL 2155117, at *7 (citing *In re Anthem, Inc.*, 327 F.R.D. at 317). In data breach cases, "it is difficult to estimate Plaintiffs' expected recovery were this case to proceed to trial given the relative dearth of precedent and exemplar cases that have proceeded to trial." *Id*. Although Plaintiff believes that she would obtain class certification, this too is not guaranteed. Stranch Decl. ¶13. Some courts have refused to grant class certification. S*tollenwerk v. TriWest Healthcare All.*, No. 2:2003-cv-00185, Slip Op. at 5–6 (D. Ariz. June 10, 2008) (individualized issues relating to proof of causation would predominate over common questions in a class action case involving theft of computer equipment containing personal information).

Assuming Plaintiff survives probable motions to dismiss and for summary judgment, and obtains and maintains class certification, success at trial is by no means certain, and any judgment would likely be appealed. The proposed Settlement provides immediate and substantial benefits to victims of the Data Security Incident. Both the complexity and the length of future proceedings would be great; thus, this factor also supports the fairness, reasonableness, and adequacy of the hard-fought settlement.

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1

### b.    *Method of distributing relief to the Class*

2       The Settlement's proposed method of distributing relief to the class is not

3   unduly burdensome and deters fraudulent claims. The list of Settlement Class

4   Members will be provided by ASM, and their addresses validated by Simpluris. The

5   Settlement provides for effective Notice via U.S. Mail to Settlement Class Members

6   (S.A. ¶3.2), and a straightforward procedure to submit claims. *Id.* ¶¶2.3-2.4. This

7   factor therefore weighs in favor of preliminary approval.

8

### c.    *Proposed attorneys' fee award*

9       Proposed Class Counsel have devoted significant time and financial resources

10  to this litigation despite the uncertainties of prevailing on the merits, obtaining class

11  certification, and establishing damages. They did not broach the topic of attorneys'

12  fees until after agreeing on all substantive Settlement terms with ASM. Stranch Decl.

13  ¶11. Plaintiffs intend to seek attorneys' fees of 25% of the common fund, the

14  Settlement Fund, or $87,500.00. subject to Court approval. S.A. ¶7.2. Here,

15  Proposed Class Counsel intend to seek the Ninth Circuit's "benchmark" 25% of the

16  fund award. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir.

17  2002). Accordingly, the Court should find the attorneys' fee request presumptively

18  reasonable. Plaintiff will file a separate motion with materials supporting the

19  requested Fee Award and Costs. S.A. ¶7.2.

20

### d.    *No additional agreements*

21      No agreements outside of the Settlement Agreement exist in this matter. *See*

22  Fed. R. Civ. P. 23(e)(3). Stranch Decl. ¶20.

23  ///

24  ///

25

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1          **e.**    ***The Settlement Treats Class Members Equitably***

2          The final Rule 23(e) factor turns on whether the proposed settlement "treats

3 class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). "Matters

4 of concern could include whether the apportionment of relief among class members

5 takes appropriate account of differences among their claims, and whether the scope

6 of the release may affect class members in different ways that bear on the

7 apportionment of relief." Fed. R. Civ. P. 23 advisory committee's note to 2018

8 amendment.

9          All Class Members are eligible to file claims for the same benefits. All Class

10 Members with documented out-of-expenses may make a claim for that benefit and

11 all Class Members may make a claim for the Settlement Remainder *pro rata*

12 payment, with California resident Class Members being able to receive two shares

13 of such payment, as opposed to one share, due to their superior statutory rights. The

14 Settlement treats all Class Members fairly and equitably relative to each other and

15 in relation to the strengths of their claims. The Settlement also provides valuable

16 non-monetary relief to the entire Class in the form of data security measures, which

17 benefit all Class Members whether they submit a claim for Settlement Benefits or

18 not. SA. ¶2.6.

19       **C. The Proposed Settlement Also Satisfies Other Factors Considered by**

20             **the Ninth Circuit**

21          For purpose of Preliminary Approval, Plaintiff has demonstrated that the

22 Settlement is the product of fair, honest negotiations. Courts in the Ninth Circuit

23 look to additional factors for approval, including:

24 ///

25

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

the strength of the plaintiffs' case; the risk, expense complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hashemi*, 2022 WL 2155117, at *5.

### 1. The Risk of Maintaining Class Action Status Throughout the Trial

This factor was already addressed in section B(3)(i), supra.

### 2. The Amount Offered in Settlement

The benefits provided by the Settlement weigh in favor of preliminary approval, as falling within the range of possible final approval. The Settlement creates a common fund of $350,000.00 for a Class of 4,634 individuals ($75.53 per Class Member), which is a phenomenal recovery compared to other data breach settlements. *See, e.g., Hellyer et al. v. Smile Brands, Inc. et al.*, No. 8:21-cv-01886-DOC-ADS (C.D. Cal.) ($1.92 per class member); *In re Post Meds, Inc.*, No. 4:23-cv-05710-HSD (N.D. Cal.) ($3.74 per class member); *In re Orrick Herrington & Sutcliffe LLP Data Breach Litig.*, No. 3:23-cv-04089-S (N.D. Cal.) ($12.55 per class member).

### 3. The Extent of Discovery Completed and the Stage of the Proceedings

Courts also consider the stage of the litigation and amount of discovery exchanged between the Parties. *Hashemi*, 2022 WL 2155117, at *5. Here, the Parties

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

agreed to early resolution of this matter without the need for expensive and prolonged discovery. As discussed *supra*, the Parties exchanged substantial informal discovery. Stranch Decl. ¶5. Though the Parties have not exchanged formal discovery, the informal discovery exchanged between the Parties during and leading up to their negotiations was entirely sufficient to understand the relative positions of the Parties, including the strength of the case. *Hashemi*, 2022 WL 2155117, at *6 (…the informal discovery conducted prior to mediation further suggests that the parties had sufficient information to assess the merits of their claims and, therefore, reach a well-informed settlement."). Thus, this factor also weighs in favor of preliminary approval.

### 4.   The Experience and Views of Counsel

Here, Proposed Class Counsel believe the proposed Settlement is an excellent result for the Settlement Class, given the benefits afforded by the Settlement, when weighed against the risks and uncertainties, as well as the cost and delay, incumbent in further litigation. Stranch Decl. ¶14. *See Kearney v. Hyundai Motor Am.*, 2012 WL 13049699, at *12 (C.D. Cal. Dec. 17, 2012) ("Plaintiffs' counsel have substantial experience serving as plaintiff's counsel in class actions, and they have fully endorsed the Settlement Agreement as fair, reasonable, and adequate. . . . This factor weighs in favor of preliminarily approving the Settlement Agreement.")

### 5.   Reaction of Absent Class Members

This factor does not apply at preliminary approval, as Notice has not been given to the absent Class Members. However, Plaintiff, as proposed Class Representative, wholeheartedly endorses this Settlement. Stranch Decl. ¶16.

///

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

### D.  Certification of the Settlement Class is Appropriate

Parties seeking class certification for settlement purposes must satisfy Federal Rule of Civil Procedure 23, including the requirements of Rule 23(a) and at least one provision of Rule 23(b). *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Here, the proposed Settlement Class meets each requirement for conditional certification.

#### 1.  The Class is Sufficiently Numerous

Rule 23(a)(1) requires that a proposed class be "so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). "Courts generally presume numerosity when there are at least 40 members in the proposed class." *Hashemi*, 2022 WL 2155117, at *2 (citing *Charlebois v. Angels Baseball, LP*, 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011)). Here, the size of the proposed Settlement Class is approximately 4,634 individuals, which easily satisfies this requirement.

#### 2.  Commonality

Rule 23(a)(2) further requires that the claims present common questions of law or fact. Fed. R. Civ. P. 23(a)(2). To fulfill this requirement, "[t]he class claims must depend on a common contention that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Hashemi*, 2022 WL 2155117, at *3 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "[F]or purposes of Rule 23(a)(2), even a single common question will do." *Walmart Stores, Inc.*, 564 U.S. at 359. Here, there are multiple common questions of both law and fact to satisfy Fed. R. Civ. P. 23(a)(2). Plaintiff's and putative Class Members' claims derive from the same Data Security Incident and allege the same

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

wrongdoing—ASM's alleged failure to implement reasonable cybersecurity safeguards to adequately protect their PI. Plaintiff's claims present the same legal questions, including whether Defendant owed Plaintiff and the Class a duty of care to implement reasonable cybersecurity measures and whether Defendant breach that duty. Accordingly, the commonality requirement is satisfied.

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, Plaintiff satisfies the typicality requirement here because her claims arise out of the same Data Security Incident as other putative Class Members and present the same legal theories as would be presented if each Class Member filed their own individual case. *See e.g. Hashemi*, 2022 WL 2155117, at *3. Thus, the typicality requirement is met here.

### 4. Adequacy

Rule 23(a)(4) tests whether the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The Ninth Circuit has indicated that '[t]he proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and

their counsel prosecute the action vigorously on behalf of the class?'" *Hashemi*, 2022 WL 2155117, at *3 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000)).

First, Plaintiff has no conflicts of interest with the Class and shares common interests therewith (see above). Stranch Decl. ¶15; *see Hashemi*, 2022 WL 2155117, at *3. Plaintiff has diligently prosecuted this action on behalf of the Class and their interests and those of the other Class Members are aligned. Stranch Decl. ¶15. Thus, Plaintiff has and will continue to adequately represent the Class.

Second, Plaintiff has retained knowledgeable and well-qualified counsel who have successfully prosecuted many class actions, including data breach class actions. *Id.* ¶17. Proposed Class Counsel have adequately represented the Class.

### 5.    The Rule 23(b) Certification Requirements Are Satisfied

Plaintiff seeks certification of the proposed Settlement Class under Rule 23(b)(3). The Court may certify a Rule 23(b)(3) class if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (citing 7A Wright, Miller, & Kane 518–19). Both the requirements of Rule 23(b)(3) are easily satisfied here.

### a.   *Predominance*

The predominance inquiry "specifically 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hashemi*, 2022

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

WL 2155117, at *4 (quoting *Amchem*, 521 U.S. at 623). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id*. Here, common questions of fact predominate because Plaintiff's and Class Members' claims all arise from the same Data Security Incident, the same notification concerning the Data Security Incident, and the same alleged failures to implement reasonable cybersecurity practices. Plaintiff's and Class Members' claims also present common questions of law: whether ASM owed a duty to safeguard PI; whether ASM breached that duty; whether ASM's conduct was the proximate cause of the Data Security Incident; and whether Plaintiff and Class Members are entitled to recovery. These common issues, all of which arise from ASM's common course of conduct, predominate here. Courts in this District regularly find that the predominance requirement is satisfied in data breach cases. *See e.g. Hashemi*, *supra*.

### b.   *Superiority*

Rule 23(b)(3) provides four non-exhaustive factors for a court to consider in determining whether a class action is superior to other methods of adjudication: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *In re Yahoo! Inc.*

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

*Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *7 (N.D. Cal. July 22, 2020), aff'd, No. 20-16633, 2022 WL 2304236 (9th Cir. June 27, 2022). "In cases where plaintiffs are unable to proceed individually because the disparity between litigation costs and the recovery sought is too high, the class-action device may be an effective means 'to pool claims which would be uneconomical to litigate individually.'" *Id.* (citing *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001)); *see also* 7AA Charles Alan Wright et al., Federal Practice and Procedure § 1779 (3d ed. 2018).

All these factors weigh in favor of the finding that a class action is the superior method of adjudicating the claims in this case. It would be highly impractical and not cost effective to have over 4,000 plaintiffs individually file separate cases and then to have the Court adjudicate each of those cases individually. Here, "… the amount at stake for individual Settlement Class Members is too small to bear the risks and costs of litigating a separate action [and] [l]itigation costs would be quite high, given that the case involves complex technical issues and requires substantial expert testimony." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *8. Thus, a class action is the superior mechanism for Plaintiffs and putative Class Members to seek legal redress here. Second, there is no other litigation concerning this Security Data Breach. Likewise, third, it is desirable to concentrate the litigation in this forum. Lastly, there are no difficulties in managing this as a class action. Accordingly, the superiority requirement of Rule 23(b)(3) is readily met.

### E.  The Court Should Approve the Proposed Notice Plan

The Court should grant preliminary approval to the proposed Settlement because the proposed Notice Plan provides more than sufficient due process to

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1   absent Class Members. "Notice is satisfactory if it 'generally describes the terms of

2   the settlement in sufficient detail to alert those with adverse viewpoints to investigate

3   and to come forward and be heard.'" *Hashemi*, 2022 WL 2155117, at *9, (quoting

4   *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

5        Here, the proposed Notice Plan provides absent Class Members with the Short

6   Notice via U.S. Mail, and a website dedicated to providing information to Class

7   Members, containing important documents such as the Long Notice, the Settlement

8   Agreement, the Complaint, the motion for preliminary approval, and subsequent

9   motions, and affording an opportunity to submit claims, make objections, and to opt-

10  out. Stranch Decl. ¶19; SA ¶¶1.34, 3.1-3.2. Similar notice programs have reached

11  well in excess of ninety percent of class members, and the same outcome is

12  anticipated here. *See In re Restasis Antitrust Litig.*, 527 F. Supp. 3d 269, 273

13  (E.D.N.Y. 2021) (observing that "a notice plan that reaches between 70 and 95

14  percent of the class is reasonable[,]" and endorsing a notice plan with 80 percent

15  expected reach).

16       As required by Rule 23, the proposed notice documents "clearly and concisely

17  state[s] in plain, easily understood language: (i) the nature of the action; (ii) the

18  definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a

19  class member may enter an appearance through an attorney if the member so desires;

20  (v) that the court will exclude from the class any member who requests exclusion;

21  (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a

22  class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

23  Should Class Members have any questions, the proposed Settlement requires the

24  Claim Administrator to establish a toll-free telephone number to answer their

25

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1   questions, which will be equipped with live operators. SA ¶3.2(e). Thus, the

2   proposed Notice Plan provides ample due process.

3       **F.  The Court Should Provisionally Appoint Settlement Class Counsel**

4           Plaintiffs request that the Court appoint M. Anderson Berry and Gregory

5   Haroutunian of Clayeo C. Arnold, A Professional Corporation, J. Gerard Stranch,

6   IV, and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Settlement Class

7   Counsel. SA ¶1.24. As set forth herein and in the attached Declaration, Proposed

8   Class Counsel have vigorously represented the interests of Plaintiff and Class

9   Members since the inception of this litigation and achieved highly favorable results

10  for the Settlement Class to provide substantial redress for the Data Security Incident.

11  Stranch Decl., generally. Considering their work in this litigation, their collective

12  expertise and experience in handling similar actions, and the resources they

13  committed to representing the Class, Proposed Class Counsel should be appointed

14  as Settlement Class Counsel under Rule 23(g).

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

## V.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff respectfully moves the Court to enter an Order: (1) conditionally certifying the proposed Class for the purpose of Settlement; (2) conditionally appointing Plaintiff as Class Representative; (3) appointing M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation, J. Gerard Stranch, IV, and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Settlement Class Counsel; (4) approving the form and substance of the notice program; (5) preliminarily approving the Settlement as within range of possible final approval; and (6) appointing Simpluris as Claims Administrator and ordering it to conduct the notice program.

Respectfully submitted,

CLAYEO C. ARNOLD, APC

Dated:  July 2, 2025          By: _____

M. Anderson Berry
Attorneys for Plaintiff _SHEA HOOVER,
individually and on behalf of all others similarly situated

STRANCH, JENNINGS & GARVEY, PLLC
J. Gerard Stranch, IV (TN BPR 23045)*
gstranch@stranchlaw.com
Robert Bruce Grayson Kent Wells *
gwells@stranchlaw.com
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801

***Counsel for Plaintiff and the Proposed Class***

///

///

///

///

MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

2      The undersigned, counsel of record for Plaintiff and the Proposed Class,

3   certifies that this brief contains 6,908 words, which complies with the word limit of

4   L.R. 11-6.1

5      Dated: July 2, 2025

6

7                                          M. Anderson Berry (SBN 262879)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT