Docusign Envelope ID: F0AF43BE-BC2B-4581-8148-C2EBEDA059D2

# EXHIBIT E

1

2

3

4

5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

6  SHEA HOOVER, individually and on
   behalf of all others similarly situated,

7           Plaintiff,

8  v.

9  ASM GLOBAL PARENT, INC,

10          Defendant.

11

12

13

CASE NO. 2:24-CV-10794-WLH-PVC

**[PROPOSED] FINAL APPROVAL**
**ORDER**

Hearing Date:
Hearing Time:
Hearing Location: Courtroom 9B, 9th Floor
                  350 W 1st Street,
                  Suite 4311
                  Los Angeles, CA 90012
Judge:            Hon. Wesley L. Hsu

14       WHEREAS, the Court, having considered the Settlement Agreement filed on _____

15  (Doc. __) (the "Settlement") between and among Plaintiff Shea Hoover ("Plaintiff" or "Settlement

16  Class Representative"), individually and on behalf of the Settlement Class, and Defendant ASM

17  Global Parent, Inc. ("ASM" or "Defendant") (collectively, the "Parties"), having considered the

18  Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval

19  Order"), having held a Final Approval Hearing on _____, having considered all of the

20  submissions and arguments with respect to the Settlement, and otherwise being fully informed, and

21  good cause appearing therefor;

22       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

23       1.      Plaintiff's Motion for Final Approval of Class Action Settlement is **GRANTED**.

24       2.      This Order incorporates herein and makes a part hereof, the Settlement (including its

25  exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined

26

27

28

**- 1-**

FINAL APPROVAL ORDER

Docusign Envelope ID: F0AF43BE-BC2B-4581-8148-C2EBEDA059D2

in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3.      The Court has personal jurisdiction over Plaintiff, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.      CERTIFICATION OF THE SETTLEMENT CLASSES

4.      Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class, including California Residents (collectively, the "Settlement Class"), for settlement purposes only:

> **Settlement Class:** All United States Residents whose Private Information was compromised in the Data Security Incident detected by ASM on or about October 12, 2023. The Settlement Class specifically excludes: (i) ASM, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

Excluded from the Settlement Class are any individuals who validly opted out of the Settlement, identified in **Exhibit A** hereto, each of whom submitted a timely and valid request for exclusion from the Settlement Class prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order.

5.      For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement

- 2 -

FINAL APPROVAL ORDER

Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

II.     NOTICE TO THE SETTLEMENT CLASS

6.      The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

7.      Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

III.    FINAL APPROVAL OF THE SETTLEMENT

8.      The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

Docusign Envelope ID: F0AF43BE-BC2B-4581-8148-C2EBEDA059D2

9.      The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

10.     The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

11.     The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.     DISMISSAL OF CLAIMS AND RELEASE

12.     The Action is hereby dismissed with prejudice as to all Parties, including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

13.     Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, the "Releasing Parties" (Plaintiff and all Settlement Class Members who did not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns) shall release the Released Persons (ASM and its Related Entities and each of its and their respective directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers) from the Released Claims.

14.     For purposes of this Final Approval Order, "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action that either has been asserted, was asserted, or could have been asserted, by any member of the Settlement Class against any of the Released Persons, including Unknown Claims, based on, relating to, concerning or arising out of the Data Security Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation as they relate to the Data Security Incident including, but not limited to: Any causes of action arising under or premised upon any statute, constitution, law,

- 4 -

FINAL APPROVAL ORDER

ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality. This includes claims under 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States as defined below; all similar state consumer-protection statutes; and any state or local privacy, data breach, or data protection statutes, including those providing for statutory damages under California law, such as violations of the California Consumer Protection Act of 2018 ("CCPA"), Cal. Civ. Code § 1798, *et seq*. Released Claims also include any common law claims, such as claims for negligence, negligence per se, breach of implied contract, and breach of bailment. Released Claims further include, but are not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of members of the Settlement Class Members who have timely excluded themselves from the Settlement Class.

15.     In consideration for this Settlement Agreement and the consideration set forth herein, the Releasing Parties acknowledge that the Releases and the release herein include potential claims and costs that may not be known or suspected to exist and that Plaintiff and the Class Members hereby agree that all rights under California Civil Code § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

- **5**-

FINAL APPROVAL ORDER

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.     Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Persons in any action or proceeding in any court, arbitration forum, or tribunal.

## V.     ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFF'S SERVICE AWARD

17.     The Court awards attorneys' fees of $_____ and reimbursement of costs and expenses in the amount of $_____, and payment of a service award in the amount of $_____ to the Representative Plaintiff. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's counsel of record in the Action.

## VI.    OTHER PROVISIONS

18.     Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

19.     Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

20.     In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall

- 6 -

FINAL APPROVAL ORDER

Docusign Envelope ID: F0AF43BE-BC2B-4581-8148-C2EBEDA059D2

have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

21.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED** this ___ day of _____, 2025.


_____
THE HONORABLE WESLEY L. HSU

-7-

FINAL APPROVAL ORDER